**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12181

Non-Argument Calendar

_____

In re: DON KARL JURAVIN,

*Debtor.*

_____

DON KARL JURAVIN,
ANNA JURAVIN,

*Plaintiffs-Appellants,*

*versus*

BELLA COLLINA PROPERTY OWNERS ASSOCIATION, INC.,
DENNIS KENNEDY,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:24-cv-00597-GAP

_____

Before BRANCH, LUCK, and ABUDU, Circuit Judges.

PER CURIAM:

Don Karl and Anna Juravin, proceeding pro se, appeal from the district court's orders affirming the bankruptcy court's final judgment and granting in part Defendant-Appellee Bella Collina Property Owner Association, Inc.'s ("BCPOA") motion to supplement a vexatious litigant injunction. We asked the parties to address whether the district court had jurisdiction to review the bankruptcy court's final judgment because the Juravins had relied on a then-vacated administrative order to email their notice of appeal to the bankruptcy court for filing.

In their joint response, BCPOA and Defendant-Appellee Chapter 7 trustee Dennis Kennedy argue that this Court lacks jurisdiction to review the Juravins' appeal. They contend that the bankruptcy court exceeded its authority by providing the Juravins with an unsolicited extension of time to comply with the jurisdictional deadline to appeal based on changed filing procedures. Don Karl Juravin disagrees, contending that this Court should equitably toll his deadline for filing a notice of appeal in bankruptcy court because the changed filing procedures constituted extraordinary circumstances that prevented him from filing on time.

The district court lacked jurisdiction over the Juravins' appeal from the bankruptcy court because a notice of appeal was never filed in compliance with the applicable rules. The bankruptcy court entered its final judgment on October 1, 2024, so the Juravins were required to file a notice of appeal by October 15, in a manner—by paper or by electronic transmission through

CM/ECF—allowed by the court's local rules. *See* 28 U.S.C. § 158(c)(2); Fed. R. Bankr. P. 8002(a)(1); Bankr. M.D. Fla. R. 5005-1(b), 9001-1(d). The Juravins, however, emailed the notice of appeal to the bankruptcy court on October 14, relying on a COVID-era administrative order that, as of September 3, 2024, the bankruptcy court had vacated. Despite learning as early as October 31 that they had not complied with the bankruptcy court's procedural rules, the Juravins did not file a motion for an extension of the appeal deadline based on excusable neglect, for which they had until November 5 to file, or attempt to properly file the notice of appeal by paper. *See* Fed. R. Bankr. P. 8002(d)(1); Bankr. M.D. Fla. R. 5005-1(b), 9001-1(d). As they did not file a notice of appeal in accordance with the bankruptcy court's procedural rules within the 14-day appeal period nor move for an extension under Rule 8002(d)(1) to cure the deficiency, it matters not that the bankruptcy court ultimately docketed their notice of appeal because there was not a properly filed appeal over which the district court could exercise jurisdiction. *See Gowdy v. Mitchell (In re Ocean Warrior, Inc.)*, 835 F.3d 1310, 1318 (11th Cir. 2016) (explaining that the timely filing of a notice of appeal from the bankruptcy court to the district court is a jurisdictional requirement); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (explaining that pleadings filed by a pro se litigant are construed liberally, but pro se litigants must nevertheless conform to procedural rules, including deadlines).

Because the district court did not have subject-matter jurisdiction to review the Juravins' appeal from bankruptcy court, the

district court's May 27, 2025, final judgment and June 5, 2025, vexatious litigant injunction order are VACATED, and we REMAND with instructions that the district court dismiss without prejudice the appeal from the bankruptcy court. *See Williams v. EMC Mortg. Corp. (In re Williams)*, 216 F.3d 1295, 1296-98 (11th Cir. 2000).